IT IS ORDERED

**Date Entered on Docket: April 18, 2024**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:

**LA FAMILIA PRIMARY CARE, P.C.,**                    **Case No. 23-10566-t11**
**A New Mexico Professional Corporation,**

## <u>ORDER CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V PLAN OF REORGANIZATION, AS MODIFIED</u>

THIS MATTER having come before the Court for Final Hearing on April 1, 2024 for Confirmation of *Debtor's Chapter 11, Subchapter V Plan of Reorganization* filed herein on January 31, 2024 [Doc. 94] and the *Notice of Additional Attachments to Plan*, filed herein on February 1, 2024 [Doc. 85] (together referred to herein as the ("**Initial Plan**"), as modified by the *Amended Modifications to Debtor's Plan* ("**First Modification**"), filed herein on March 30, 2024 [Doc. 109] and the *Second Modification to Debtor's Plan* ("**Second Modification**"), filed herein on April 1, 2024 [Doc. 111] (hereinafter referred to together as the "**Modifications**"); the Court having taken evidence and reviewed the record, and being otherwise sufficiently advised in the premises;

FINDS as follows:

1

1.     The Final Hearing on Confirmation of the Initial Plan as modified by the Modifications (hereinafter referred to collectively as the "**Plan, as Modified**"), was held on April 1, 2024 (hereinafter referred to as the "**Confirmation Hearing**").

2.     La Familia Primary Care, P.C. (hereinafter "**LFPC**" or "**Debtor**") appeared at the Confirmation Hearing through its President and Authorized Representative, Dr. Misbah Zmily, and through its counsel of record, Shay Elizabeth Meagle; the Office of the United States Trustee ("**UST**") appeared through Trial Attorney Jaime Peña; the New Mexico Taxation and Revenue Department ("**NMTRD**") having appeared through Assistant New Mexico Attorney General, A.J. Swenson; and New Mexico Bank & Trust ("**NMB&T**") appeared through its counsel of record, James Artley.

3.     Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 19, 2023 ("**Petition Date**"), commencing the above-captioned case (the "**Bankruptcy Case**").

4.     Debtor was eligible to be a debtor under Subchapter V of Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. §1182 and elected to proceed as a small business under Subchapter V (11 U.S.C. §§ 1181-1195) in the Petition.

5.     Upon Debtor's Motion, the deadline for Debtor to file a plan of reorganization in this Bankruptcy Case was extended to January 31, 2024, per Court Order entered herein on November 15, 2024 [Doc. 85].

6.     Debtor timely filed its Initial Plan on January 31, 2024 [Doc. 94](with the Notice of attachment filed the next day [Doc. 95]).

7.     The Court entered the *Order Setting Deadline to Accept or Reject Debtor's Plan of Reorganization and/or Objection to Plan Confirmation; and Notice of Hearing on Plan Confirmation* on February 5, 2024 [Doc. 96] (the "**Plan Scheduling Order**").

8. Debtor, through its counsel, duly and validly served upon all parties entitled to notice, per the Plan Scheduling Order, true and correct copies of the Initial Plan and Plan Scheduling Order on February 13, 2024 ("**Plan Packages**"). Also included in the Plan Package served upon each creditor or equity interest holder (and, if applicable, counsel therefor) who was, per the Initial Plan, a member of a class entitled to vote on the Plan ("**Voting Class**"), a ballot to accept or reject the Plan for each Voting Class in which such party is a member. The **Certificate of Mailing** certifying such service was filed herein on February 13, 2024 [Doc. 98].

9. Per the Plan Scheduling Order, March 21, 2024 was the deadline for the filing of objections to the Plan and/or for the submission of ballots on the Plan.

10. NMTRD filed its *Objection to Confirmation of Debtor's Chapter 11, Subchapter V Plan* on March 21, 2024 [Doc. 104] (the "**NMTRD Objection**"). No other objection to confirmation of the Plan was filed.

11. Only one ballot on the Plan was submitted to Debtor's counsel, to wit: the Class 4 Ballot of NMB&T, accepting the Plan.

12. Prior to the objection deadline, the UST and Debtor, each through counsel, communicated about the UST's issues with Debtor's Initial Plan and agreed upon resolution of all such issues.

13. The *Tally of Ballots* on the Plan was filed herein on March 29, 2024 [Doc. 107].

14. Based on the agreement to resolve the UST issues and communications and/or negotiations with NMB&T, NMTRD, the U.S. Small Business Administration ("**SBA**"), and Bankers Healthcare Group ("**BHG**"), Debtor filed the First Modification herein on March 30, 2024 [Doc. 109]. The First Modification included modified Exhibits B, C, D, and F to the Plan.

3

This First Modification was filed with the approval of counsel for the UST, SBA, BHG, NMTRD, and NMB&T.

15.     Debtor then filed the Second Modification on April 1, 2024 [Doc. 111] (prior to the Confirmation Hearing), to correct clerical errors in the Modified §5.4 of the Plan (pertaining only to NMB&T).   The Second Modification was filed with the approval of counsel for NMB&T.

16.     The Modifications do not negatively impact any creditor or provide for treatment of any creditor or class of creditors less favorable that the treatment in the Initial Plan, except as to BHG, who agreed to the change in treatment and approved the Modifications.

17.     All creditors who were the subject of any modification have agreed to same and have, through their attorneys, approved the modifications pertaining to them. This is also indicated by the approval of this Order by each such creditor's counsel below.

18.     The Modifications did not change the terms of the Initial Plan in a way that would require that they be served upon all parties in the Bankruptcy Case or that the parties must or should be given an opportunity to object to or vote on the Plan, as Modified.

19.     The Plan, as Modified, complies with the applicable provisions of the Bankruptcy Code, and Debtor (the plan proponent) complies and has complied with the applicable provisions of the Bankruptcy Code.

20.     The Plan, as Modified, has been proposed in good faith and not by any means forbidden by law.

21.     Any payment made or to be made by Debtor for services or for costs and expenses in or in connection with the Case has been approved by, or is subject to approval of, the Bankruptcy Court as reasonable.

22.     Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of Debtor. The appointment to or continuation in such office of each such individual is consistent with the interests of creditors and equity security holders, and with public policy.

23.     Debtor has identified all insiders that will be employed or retained by the reorganized Debtor, and the nature and amount of any compensation for such insiders.

24.     There is no governmental regulatory commission with jurisdiction over the rates of Debtor post-petition.

25.     The holder of each claim or interest in each Class which is impaired under the Plan, as Modified, has either accepted the Plan or, per the terms of the Plan, as Modified, will receive, on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would so receive if the Bankruptcy Case was liquidated under Chapter 7 of the Bankruptcy Code on such date.

26.     11 U.S.C. §1111(b)(2) of the Bankruptcy Code does not apply to the claims of any Class under the Plan.

27.     The Classes which are impaired under the Plan, as Modified, include: (a) Class 3 (General Unsecured Creditors), and (b) Class 4 (General Unsecured Claim of NMB&T).

28.     NMB&T is the only member of Class 4, and thus holds 100% of the claims within Class 4 and 100%of the members of Class 4.  Through NMB&T's ballot, accepting the Plan, Class 4 (an impaired class) has accepted the Plan.

29.     None of the members of Class 3 voted on the Plan. Class 3 is deemed to have accepted the Plan.

5

30.    The Plan, as Modified, provides that, with respect to a claim of the kind specified in §507 (a)(2) or (a)(3), on the Effective Date of the Plan, the holder of such claim will receive, on account of such claim, cash equal to the allowed amount of such claim.

31.    The Plan, as Modified, provides that, with respect to a class of claims of a kind specified in 11 U.S.C. §507 (a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive cash on the Effective Date of the Plan equal to the allowed of amount of such claim.

32.    The Plan, as Modified, provides that, with  respect to a claim of the kind specified in 11 U.S.C. §507(a)(8), the holder of such claim will receive, on account of such claim, regular installment payments in cash of a total value as of the Effective Date of the Plan, equal to the allowed amount of such claim, over a period ending not later than 5 years after the date of the order for relief under §301, §302, or §303, and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to members of the Administrative Convenience Class per 11 U.S.C. §1122(b)).

33.    The Plan, as Modified, provides that, with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under §507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim cash payments, in the same manner and over the same period, as if it was an unsecured priority claim under 11 U.S.C. §507(a)(8).

34.    At least one Class of claims that is impaired under the Plan (Class 4) has accepted the Plan, without including any acceptance of the Plan by any insider.

35. Confirmation of the Plan, as Modified, is not likely to be followed by the liquidation or the need for further reorganization, of the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

36. Because this is a Subchapter V reorganization case, Debtor does not owe and has never owed UST fees under 28 U.S.C. §1930.

37. Debtor has no obligation to pay retiree benefits (as defined in 11 U.S.C. §1114).

38. Debtor is not and has not been required by a judicial or administrative order or by statute to pay any domestic support obligation.

39. All transfers of property under the Plan, as Modified, are to be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not moneyed, business, or commercial corporation or trust. The only property to be transferred pursuant to the terms of the Plan, as Modified, is money.

40. The Plan, as Modified, does not provide for the liquidation of all or substantially all of the property of the bankruptcy estate.

41. The Plan, as Modified, provides that the Debtor shall continue to engage in business after substantial consummation of the Plan, as Modified.

42. The Debtor does not owe, and no claim has been filed in this Bankruptcy Case based on any debt of the kind described in 11 U.S.C. §1141(d)(6).

43. Pursuant to the Plan Scheduling Order, the deadline for any party to file an objection to Debtor's discharge under 11 U.S.C. §727 expired on April 1, 2024. No objection to Debtor's discharge has been filed, timely or otherwise.

44. The Plan, as Modified, is consensual.

45.     The Plan, as modified, satisfies the requirements set forth in 11 U.S.C. §§ 1129 (a)(1) – (14), and (a)(16).

46.     The Plan, as Modified, should be confirmed.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED THAT the Plan, as Modified, is hereby confirmed pursuant to 11 U.S.C. §1191(a).

IT IS  FURTHER ORDERED as follows:

A.  The requirements set forth in §1129 (a)(8) have been satisfied by: (a) the acceptance of the Plan, as Modified, by affirmative vote by Class 4; and (b) the deemed acceptance of the Plan by all other impaired Classes due to the failure of any member thereof to vote on the Plan.

B.  The Plan, as Modified, is a consensual plan.

C.  The service of Brian Foltyn, the Subchapter V Trustee appointed in this Bankruptcy Case, shall be terminated upon the filing of a Notice of Substantial Consummation, pursuant to 11 U.S.C. §1183 (c)(1).

D.  11 U.S.C. §1192 does not apply to the Plan, as Modified.

E.  Upon entry of this Order, all property of the estate shall be vested in the Debtor.

F.  Upon entry of this Order, all property dealt with in the Plan, as Modified, is and  shall be free and clear of all claims and interests of creditors and equity security holders, unless otherwise specifically and expressly provided within this Order or the terms of the Plan, as Modified.

G.  Except as otherwise provided in the Plan, as Modified or this Confirmation Order, entry of this Confirmation Order shall discharge the Debtor from any debt that arose prior to the entry of this Confirmation Order, and any debt of the kind specified in 11 U.S.C.

8

§§ 502(g), (h), or (i), whether or not a proof of claim based on such debt is filed or deemed filed, whether such claim is allowed under 11 U.S.C. §502, or whether the holder of such claim accepted the Plan.

H. Except as otherwise provided in the Plan, as Modified, or this Confirmation Order, entry of this Confirmation Order shall terminate all rights and interests of equity security holders provided for by the Plan, as Modified.

I. The Plan, as Modified, shall be binding on the Debtor, any entity issuing securities or acquiring property under the Plan, as Modified, any creditor, and any equity security holder whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan, as Modified, and whether such creditor or equity security holder has accepted the Plan.

J. NMTRD intends to amend its Proof of Claim post-confirmation. The parties understand that the amounts anticipated to be allowed as a priority unsecured claim and paid to NMTRD under the Plan are substantially greater than the amount of its priority claim in its current Proof of Claim. The parties acknowledge that the allowed unsecured priority claim will include the addition of the taxes and interest on taxes currently set forth as part of NMTRD's secured claim, and that only the amounts therein which are attributable to penalties and interest on penalties will not be included in the allowed priority claim of NMTRD. The estimated amount of the anticipated allowed claim of NMTRD and the provisions for payment thereof, are set forth in Modified Exhibit E attached to the Amended Modifications to Plan filed on March 30, 2024. All of the allowed priority claim amounts shall accrue interest from the Effective Date at the rate of 8% per annum.

9

K. NMTRD and Debtor acknowledge that certain amounts have been paid towards the allowed priority claim of NMTRD post-petition and preconfirmation. The parties anticipate that the allowed amount of NMTRD's unsecured priority claims and unsecured nonpriority claim, as well as the balance remaining due on NMTRD's priority claim after application of the post-petition, pre-confirmation payments will be included in a stipulated order submitted to the Court.

L. Notwithstanding §§ 1.26 and 1.31 of the Plan, as Modified, and for the purpose of clarifying the Effective Date and avoiding the possibility of the Effective Date being tentative until only a few days (or less) before the Effective Date, the Effective Date of the Confirmed Plan, as Modified, shall be June 1, 2024.

### END OF ORDER ###

Submitted by:

BUSINESS LAW SOUTHWEST, LLC

*/s/ Shay Elizabeth Meagle*
Shay Elizabeth Meagle
6801 Jefferson St. NE, Ste. 210
Albuquerque, NM 87109
(505) 848-8581 ext. 111
shay@BusinessLawSW.com

*Counsel for La Familia Primary Care, P.C.*

Approved as to Form by:


ILENE J. LASHINSKY
United States Trustee

*Approved as to form by email 04/12/2024*
Jaime A. Peña
Trial Attorney
Office of United States Trustee
PO Box 608
Albuquerque, NM  87103
(202) 573-6968
Jaime.a.pena@usdoj.gov


*Counsel for United States Trustee*


RAÚL TORREZ
New Mexico Attorney General

*Approved as to form by email 04/12/2024*
AJ Swenson
Assistant Attorney General
201 Third Street NW, Ste. 300
Albuquerque, NM 87102
(505) 717-3530
ASwenson@nmag.gov

*Counsel for New Mexico Taxation and Revenue Department*


ALEXANDER M.M. UBALLEZ
United States Attorney

 *Approved as to form by email 04/12/2024*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274 Ext. 1467
manny.lucero@usdoj.gov

*Counsel for U.S. Small Business Administration*


11

HAYWARD, PLLC

*Approved as to form by email 04/16/2024*
Charlie Shelton
10501 N. Central Expressway, Ste. 106
Dallas TX  75231
(737) 881-7101
cshelton@HaywardFirm.com

*Counsel for Bankers Healthcare Group*


SPANN, HOLLOWWA & ARTLEY


*Approved as to form by email 04/12/2024*
James A. Artley
1304 Central Ave. SW
Albuquerque, NM  87103
(505) 243-3525
jartley@shha.net

*Counsel for New Mexico Bank & Trust*